IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CRISTIAN MENDOZA | § | |
| | § | |
| v. | § | Civil No. 4:21-cv-437 |
| | § | Criminal No. 4:18-cr-46(16) |
| UNITED STATES OF AMERICA | § | |

**GOVERNMENT'S RESPONSE TO SECTION 2255 MOTION**

Cristian Mendoza has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, raising two claims of ineffective assistance of counsel and a claim of prosecutorial misconduct. These claims are without merit, barred from collateral review, or both.

**Proceedings**

On November 15, 2018, a grand jury returned a three-count fourth superseding indictment against Mendoza and 29 codefendants.[1] Criminal ECF Doc. 465 at 1. Mendoza was charged with conspiracy to possess with the intent to manufacture and distribute 500 grams or more of methamphetamine or 50 grams or more of methamphetamine (Actual), in violation of 21 U.S.C. § 846 (Count One) and with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three). *Id*. On March 29, 2019, Mendoza entered a plea of guilty to Count One pursuant to a non-binding plea agreement. Criminal ECF Doc. 656.

---

[1] Documents in criminal case No. 4:18-cr-46(16) are referred to by "Criminal ECF" and document number. Documents in civil case No. 4:21-cv-437 are referred to by "2255 ECF" and document number.

The Court entered a final judgment of 420 months' imprisonment for Mendoza on September 19, 2019. Criminal ECF Doc. 957. Mendoza file a notice of appeal and on June 29, 2020, the United States Court of Appeals for the Fifth Circuit affirmed his conviction. *United States V. Mendoza*, 811 F. App'x 270 (5th Cir. 2020); Criminal ECF Doc. 1072. On October 13, 2020, the Supreme Court denied his petition for Writ of Certiorari. Criminal ECF Doc. 1160. Mendoza filed the pending motion on June 10, 2021. Criminal ECF Doc. 1160; 2255 ECF Doc. 1.

### Section 2255 Legal Standards

Under 28 U.S.C. § 2255, a prisoner may move the convicting court to vacate, set aside, or correct his conviction or sentence. It provides four grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is 'otherwise subject to collateral attack.'" *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citation omitted).

"It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979). "Section 2255 does not offer recourse to all who suffer trial errors." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A 1981). It may also "not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). After conviction and the exhaustion or waiver of all appeals, the Court is "entitled to presume" that the prisoner "stands fairly and finally convicted." *Id.* at 164.

### Ineffective Counsel Standards

To obtain reversal of a conviction based on ineffective assistance of counsel, a convicted defendant must show that the attorney's performance was deficient and that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The proper standard for judging the performance of an attorney is that of reasonably effective assistance considering all of the circumstances. *Id*. at 688. "When a convicted defendant complains of ineffective of assistance of counsel, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. Judicial scrutiny of counsel's assistance must be "highly deferential," and "a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." *Id*. at 689. A court must employ a strong presumption that counsel's conduct falls within a wide range of reasonably professional assistance. *Id*. at 690. The proper prejudice standard requires the defendant to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Conclusory statements by a defendant are not enough to sustain a claim of ineffective counsel. *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001). The allegations of ineffective counsel must be supported by the record. *United States v. Johnson*, 679 F.2d 54, 58-59 (5th Cir. 1982). Counsel is not ineffective for failing to press a frivolous point. *E.g., Sones v. Hargett*, 61 F.3d 410, 420-21 (5th Cir. 1995).

## Discussion

Mendoza claims that his counsel was ineffective for failing to investigate the background of government witnesses or any of the facts of the case. 2255 ECF Doc. 1 at

16. Additionally, he claims that his plea was coerced. *Id*. at 17. Finally, Mendoza claims that the government committed prosecutorial misconduct at sentencing. *Id*. at 18.

### A.     Mendoza's claim that his counsel failed to investigate government witnesses and the facts of the case is without merit.

Mendoza claims that his counsel had no interest in defending his case, but instead only talked about entering plea of guilty. 2255 ECF Doc. 1 at 17. Mendoza contends that his lawyer did not investigate any government witnesses or the facts of the case. *Id*.

Defense counsel has a duty to make a reasonable investigation or to make a reasonable decision that make a particular investigation is unnecessary. *Woodfox v. Cain*, 609 F.3d 774, 806 (5th Cir. 2010). Any decision by counsel not to investigate is assessed for reasonableness in the context of an ineffective assistance claim under all the circumstances, with a heavy measure of deference to counsel's judgment. *Id*. In assessing counsel's investigation, a court must conduct an objective review of their performance, measured for reasonableness under prevailing professional norms. *Id*. This includes context-dependent consideration of the challenged conduct as seen from counsel's perspective at the time. *Id*. The reasonableness of an investigation involves not only the amount of evidence already known to counsel, but also whether the known evidence would have led a reasonable attorney to investigate further. *Id*.

When the defendant has given counsel good reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). Where the evidence against the defendant is

overwhelming, counsel might rightly conclude that his time was better spent in legal research rather that in fruitless legwork. *Wilkerson v. United States*, 591 F.2d 1046, 1047 (5th Cir. 1979). A defendant who alleges a failure to investigate his case on the part of his trial counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Gregory v. Taylor*, 601 F.3d 347, 354 (5th Cir. 2010).

In his Section 2255 motion, Mendoza does not point to any evidence to show how any further investigations into government witnesses or the facts would have changed the outcome of his case. Conversely, Mendoza stated at the change of plea, that he was fully satisfied with the performance of counsel in connection with his case and the decision to enter a plea. Criminal ECF Doc. 1000 at 9. Mendoza further stated that the facts set forth in the factual statement were true and correct, and he was entering a plea because he was guilty of the crime charged. *Id.* at 30-32. This claim is without merit.

**B.     Mendoza's claim that his counsel coerced his plea is without merit.**

Mendoza claims that he was told that if he did not enter a plea, his brother would receive a sentence of life imprisonment.[2] 2255 ECF Doc. 1 at 17.

A claim that a defendant's guilty plea was coerced requires proof that an actual threat was made by showing the exact terms of the alleged threat and exactly when,

---

[2] Mendoza also argues that he did not "benefit in any way" from the plea agreement. 2255 ECF Doc. 1-1 at 6. This is incorrect. The firearm charge under 18 U.S.C. § 924(c) (Count Three) was dismissed as part of the plea agreement. Criminal ECF Doc. 948 at 16 (PSR ¶ 77). Had Mendoza been convicted of the Section 924(c) charge, the sentence would have been five years, to be served *consecutively* to the sentence for Count One. *Id.*

**Response to Section 2255 Motion-Page 5**

where, and by whom the alleged threat was made. *DeVille v. Whitley*, 21 F.3d 654, 658 (5th Cir. 1994) (petitioner alleged that his counsel threatened to withdraw if he did not enter a plea of guilty). The defendant has the further burden of showing the precise identity of an eyewitness to the threat. *Id.*

Mendoza does not point to any evidence to meet the above requirements. Indeed, the record shows that Mendoza stated, in open court and under oath, that there were no threats made to induce him to enter a plea of guilty. Criminal ECF Doc. 1000 at 24. Consequently, this claim is not supported by the record, and the government respectfully urges the Court to deny this claim.

**C.    Mendoza's claim of prosecutorial misconduct could have been brought on direct appeal and is without merit.**

Mendoza claims that the government committed prosecutorial misconduct by soliciting false testimony from government witnesses with offers of reduced sentences. 2255 ECF Doc. 1 at 18.

**1. This claim could have been brought on direct appeal.**

Issues that could have been raised on direct appeal, but were not, are not cognizable on collateral review unless the movant shows cause and prejudice for his procedural default. *United States v. Lopez*, 248 F.3d 427, 433 (5th Cir. 2001); *United States v. Pierce*, 959 F.2d 1297, 1300-02 (5th Cir, 1992); *see also United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997); ("A defendant is also barred from raising claims in his § 2255 motion that he failed to raise on direct appeal unless he shows cause for the omission and prejudice resulting therefrom."); *Thompson v. United States*, 7 F.3d 1377,

1378 (8th Cir. 1993) (per curium) ("claims [that] could have been raised on direct appeal" are not cognizable where the defendant did not show cause and prejudice for default). In *Pierce*, the Fifth Circuit explained the reason for this standard:

> For a collateral attack under § 2255, "a distinction is drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other."...This is because, "[a]fter conviction and exhaustion or waiver of any right to appeal, 'we are entitled to presume that [the defendant] stands fairly and finally convicted.'"... Accordingly, "[a] defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and ⸢actual prejudice⸥ resulting from the error."... "This cause and actual prejudice standard presents 'a significantly higher hurdle' than the 'plain error' standard that we apply on direct appeal."... Other types of error may not be raised in a collateral attack, unless the defendant demonstrates that "the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice."

*Pierce*, 959 F.2d at 1300-01 (internal citations and footnotes omitted).

Mendoza does not present any evidence to show cause as to why he could not have raised this issue on direct appeal. Therefore, he is barred from raising this issue on collateral review. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review").

**2. This claim is without merit.**

For a denial of constitutional due process, the prosecutor's misconduct must have so infected the trial as to substantially affect the fairness of the proceeding. *United States v. Vargas*, 580 F.3d 274, 277-78 (5th Cir. 2009). To establish reversible prosecutorial misconduct, a defendant must show that the prosecutor's misconduct was persistent and

pronounced or that the evidence of guilt was so insubstantial that the conviction would not have occurred but for the improper actions. *Geiger v. Cain*, 540 F.3d 303, 308 (5th Cir. 2008). An evidentiary hearing is not required and a district court is justified in dismissing a petitioner's claim of prosecutorial misconduct where the claim was conclusory and wholly unsubstantiated. *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980).

Mendoza does not identify any government witnesses that were offered reduced sentences for their testimony. Additionally, government witnesses Roel Astran and Jesus Ordaz denied on cross-examination at the sentencing hearing that they had been promised a reduced sentence. Criminal ECF Doc. 1003 at 90-91 and 105-106. This claim is without merit.

## Conclusion

Mendoza's claims of ineffective assistance of counsel are without merit and should be denied. His claim of prosecutorial misconduct is barred from collateral review and without merit.

Respectfully submitted,

Damien M. Diggs
United States Attorney
Eastern District of Texas

/s/ *Ernest Gonzalez*
Ernest Gonzalez
Assistant United States Attorney
101 E. Park Blvd., Suite 500
Plano, Texas 75074
Telephone: (972) 509-1201
Fax: (972) 509-1209
Ernest.Gonzalez@usdoj.gov

## Certificate of Service

On the 14th day of July 2023, I certify that a true and correct copy of the government's response to motion was mailed from Plano, Texas to: Cristian Mendoza, pro se, #28120-078, FCI Pollock, P.O. Box 4050, Pollock, LA 71467.

/s/ *Ernest Gonzalez*
Ernest Gonzalez
Assistant United States Attorney