IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CRISTIAN MENDOZA | § | |
| | § | |
| v. | § | Civil No. 4:21-cv-437 |
| | § | Crim No. 4:18-cr-46(16) |
| UNITED STATES OF AMERICA | § | |

## REPLY TO GOVERNMENT'S RESPONSE TO SECTION 2255 MOTION

COMES Defendant, Cristian Mendoza ("Mendoza"), appearing *pro se,* and files his Reply to Government's Response to Section 2255 Motion, and would show as follows:

## PRELIMINARY STATEMENT

As a preliminary matter, Mendoza respectfully requests that the Court be mindful that "A pro se litigant's pleadings must be construed liberally." *Jennings v. Towers Watson*, 11 F.4th 335, 341 (5th Cir. 2021); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(same); and *Haines v. Kerner*, 404 U.S. 519 (1972).

## REPLY TO GOVERNMENT RESPONSE

The Government's Response to Section 2255 Motion ("GR") is divided into five (5) main sections: (I) Proceedings; (II) Section 2255 Legal Standards; (III) Ineffective Counsel Standards; (IV) Discussion; and (V) Conclusion. See GR at 1-9. Mendoza will reply sequentially to each main section and their subsections as follows:

The opening to the GR states that "[Mendoz raises] two claims of ineffective assistance of counsel and a claim of prosecutorial misconduct. These claims are without merit, barred from collateral review, or both." GR at 1. Mendoza objects. He states for the reasons that follow below and the reasons previously stated in his § 2255 Motion, his claims are meritorious and the Court should grant relief in this matter in the first instance.

I. **Proceedings**

Mendoza does not object to this main section of the GR.

II. **Section 2255 Legal Standards**

Mendoza does not object to this main section of the GR.

III. **Ineffective Counsel Standards**

Mendoza does not object to this main section of the GR.

IV. **Discussion**

In this main section of the GR, the government first states the grounds raised in Mendoza's § 2255 Motion. Then, it argues in opposition to each ground as follows:

    A. **Mendoza's claim that his counsel failed to investigate government witnesses and the facts of the case is without merit.**

The government's argument relies on the assertion that Mendoza's claim regarding his counsel's failure to investigate government witnesses and the facts of

the case is without merit. Mendoza objects as follows:

1. Conflict of Interest and Plea Deal Focus

Mendoza contends that his counsel had no interest in defending his case and was solely focused on entering a guilty plea. While the government argues that defense counsel has the discretion to decide whether to investigate, it is crucial to question the extent to which counsel was motivated by a genuine pursuit of justice. If counsel was primarily concerned with securing a plea deal, there might have been a conflict of interest that compromised the thoroughness of the defense.

2. Duty to Investigate

The government cites *Woodfox v. Cain*, 609 F.3d 774, 806 (5th Cir. 2010), asserting that defense counsel has a duty to make a reasonable investigation or decide that a particular investigation is unnecessary. However, this duty should not be dismissed lightly. The defense's failure to investigate must be assessed in the context of reasonableness, and there should be an objective review of counsel's performance. If counsel fails to meet this duty, it raises questions about the adequacy of the defense provided. It also must be taken as a most serious moment that the government's response to Mendoza's motion does not include an affidavit from his trial counsel, Christian Mulder ("Mulder"), or otherwise challenge the factual assertions. Mendoza's allegations are not speculative or conclusory. In his § 2255 Motion, he

makes a specific factual claim based on personal knowledge - that trial counsel predicted his brother would receive a Life sentence if he did not plead guilty to the open guilty plea of the government. Mendoza's § 2255 Motion constitutes competent evidence sufficient, if believed, to establish that counsel in fact made such a prediction. Nor do Mendoza's allegations contradict any evidence in the record. Moreover, it is hard to imagine what additional evidence Mendoza could present to establish what his trial counsel told him in a presumably private conversation. An affidavit from Mulder would of course be very helpful, but the government has not obtained such an affidavit and it is not clear how Mendoza could have obtained it prior to filing his motion. Because Mendoza's motion was sufficient to prove his allegation and was not speculative, conclusory, plainly false, or contradicted by the record, the district court should hold an evidentiary hearing to expand an incomplete record. As such, Mendoza respectfully requests an evidentiary hearing so that he may further prove that his attorney was ineffective in the pretrial phase of his case and to expand the record.

### 3. Context-Dependent Consideration

The government emphasizes context-dependent consideration and the need to view counsel's actions from their perspective at the time. However, it is crucial to scrutinize whether, in the specific circumstances of Mendoza's case, the decision not

4

to investigate was truly reasonable. If there are indications that a more thorough investigation could have revealed exculpatory evidence or weakened the prosecution's case, then counsel's decision may be deemed unreasonable. Thus, to resolve the reasonableness of Mulder's investigation, an evidentiary hearing is necessary.

4. Defendant's Satisfaction and Plea Statement

The government in the GR highlights Mendoza's satisfaction with his counsel's performance during the change of plea hearing. However, in this case as in many similar cases, a defendant merely follows the instructions of his attorney and therefore may not realize until a time later that his attorney failed in his performance. Further, defendants may not fully comprehend the legal complexities or the potential impact of a thorough investigation on their case. Mendoza's satisfaction at one point should not automatically dismiss the possibility that a more comprehensive investigation could have uncovered crucial information that would have been helpful in his decision to plead guilty, which he knows now was coerced by the threat of a Life sentence to his brother.

5. Failure to Specify Investigation Outcome

The government asserts that Mendoza fails to point to any evidence demonstrating how further investigations would have changed the case's outcome.

5

While *Gregory v. Taylor* requires specificity in alleging the failure to investigate, it is essential to consider whether Mendoza had the necessary information or legal expertise to identify the specific evidence that could have altered the trial's outcome during that time. Lack of specificity does not necessarily negate the possibility of an incomplete defense.

In summary, Mendoza's claim should not be summarily dismissed, and further scrutiny is needed to determine the reasonableness of his counsel's decision not to investigate and whether this decision had a material impact on the trial's outcome. It is clear and obvious that an evidentiary hearing would resolve this matter and expand an incomplete record.

  B. <u>Mendoza's claim that his counsel coerced his plea is without merit.</u>

The government asserts that Mendoza's claim of coerced plea lacks merit based on the absence of evidence meeting specific requirements. Mendoza objects as follows:

  1. <u>Burden of Proof and Coercion Standard</u>

In the GR, the government relies on *DeVille v. Whitley*, 21 F.3d 654, 658 (5th Cir. 1994, which establishes a high standard for proving a coerced plea. However, this standard may be excessively stringent, particularly if it imposes unrealistic

6

burdens on defendants. The requirement for precise details of the alleged threat, including when, where, and by whom it was made, may be impractical in situations where coercion is more subtle or implied. Coercion can manifest in various forms beyond explicit threats, and the legal standard should account for these nuances.

### 2. Absence of Eyewitness Requirement

The government insists on the need for the precise identity of an eyewitness to the threat, as per *DeVille v. Whitley*. However, this requirement may be unrealistic and unduly strict. Coercion often occurs in private settings and in private conversations, making it challenging to produce eyewitnesses. Requiring a precise identity of an eyewitness could discourage defendants from coming forward due to fear of retaliation, creating an unreasonable obstacle to proving coercion. Further, the government did not bother to even request an Affidavit from Mulder. Under oath, he could deny the allegation or admit it. Therefore, an evidentiary hearing would resolve this dispute between the parties.

### 3. Contradiction in Mendoza's Statements

The government highlights Mendoza's statement under oath in open court, where he denied any threats made to induce his guilty plea. In reply, it is essential to consider the circumstances under which such statements are made. Mendoza felt

pressured or fearful during court proceedings, and his statements did not accurately reflect the reality of coercion. Psychological and emotional factors should be taken into account in evaluating the reliability of such statements.

4. Potential Coercive Tactics

Coercion can take various forms, including implicit threats or promises. Mendoza's claim of being told that his brother would face a life sentence if he did not plead guilty raises concerns about potential coercive tactics. While the exact terms of the alleged threat may not be explicitly outlined, the broader context and the power dynamics involved should be considered. Coercion might be subtle and implied, requiring a more nuanced examination of the circumstances. Therefore, an evidentiary hearing is necessary to resolve these matters.

5. Recorded Evidence and Supporting Documentation

The government argues that Mendoza does not point to any evidence meeting the specified requirements. However, it is important to consider whether Mendoza had access to the means of recording or documenting the alleged coercion. Coercive threats may not always leave a paper trail, and the absence of documentary evidence should not automatically discredit the claim. However, the Court at an evidentiary

hearing could determine the credibility of the parties.

In summary, the government's reliance on a stringent standard and the absence of specific evidence may overlook the nuanced nature of coercion. It is also unreasonable expecting Mendoza to have access to tape recording devices in federal prison. At an evidentiary hearing, the Court should consider the practical challenges faced by Mendoza in proving coercion and carefully evaluate the broader context and potential psychological factors influencing his statements.

      C.    <u>Mendoza's claim of prosecutorial misconduct could have been brought on direct appeal and is without merit.</u>

Mendoza's claim of prosecutorial misconduct, specifically alleging that the government solicited false testimony from witnesses with offers of reduced sentences, may not be appropriate for collateral review, and the government asserts that it lacks merit.

The government argues that Mendoza could have raised the prosecutorial misconduct claim on direct appeal and failed to show cause for not doing so. See *United States v. Lopez* (248 F.3d 427, 433, 5th Cir. 2001). The Court in *Lopez* established the principle that issues not raised on direct appeal are generally not cognizable on collateral review unless the defendant can demonstrate cause and prejudice for the procedural default.

In reply, ineffective assistance of counsel can serve as cause for procedural default. Mendoza argues that his failure to bring up the prosecutorial misconduct claim on direct appeal was due to ineffective assistance of counsel, which can serve as cause for procedural default. In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court established the two-pronged test for ineffective assistance of counsel. Mendoza asserts that his counsel's failure to raise the issue falls below the standard of reasonable professional assistance. As such, his appellate attorney's performance was deficient and prejudice resulted from this failure. This establishes cause for not raising the issue on direct appeal.

While the government relies on the cause and prejudice standard, exceptions to this rule exist. Mendoza case falls under an exception, specifically the "fundamental miscarriage of justice" exception. In cases like *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986), the Supreme Court recognized that there may be cases where a failure to consider a claim on the merits would result in a fundamental miscarriage of justice. Mendoza contends that if his claim of prosecutorial misconduct is not heard, it would lead to a miscarriage of justice, justifying an exception to the cause and prejudice standard.

Mendoza again re-urges the Court that an evidentiary hearing is necessary to establish the veracity of his claim. While the government asserts that the claim is

conclusory, the precedent set in *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980) allows for an evidentiary hearing if the claim is not wholly unsubstantiated. Mendoza emphasize that the denial of reduced sentences was made during cross-examination, and a more thorough examination through an evidentiary hearing is required to uncover any implicit promises or pressure placed on witnesses.

The government argues that Mendoza's claim is without merit because government witnesses denied being promised reduced sentences. However, Mendoza challenges the reliability of these denials. See *Napue v. Illinois*, 360 U.S. 264, 269 (1959), which established that the knowing use of false testimony by the prosecution violates due process. If Mendoza can show that the witnesses were coerced or felt pressure to deny any promises, it could undermine the credibility of their denials.

In summary, Mendoza counters the government's position by asserting ineffective assistance of counsel as cause for procedural default, seeking exceptions to the cause and prejudice standard, emphasizing the need for an evidentiary hearing, and challenging the reliability of government witnesses' denials.

V. **Conclusion**

The GR concludes by stating that "Mendoza's claims of ineffective assistance of counsel are without merit and should be denied. His claim of prosecutorial misconduct is barred from collateral review and without merit." Mendoza objects.

11

Respectfully submitted,

_____
CRISTIAN MENDOZA
REG. NO. 28120-078
FCI POLLOCK
FEDERAL CORR. INSTITUTION
P.O. BOX 4050
POLLOCK, LA 71467

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2023, a true and correct copy of the above and foregoing Reply to Government's Response to Section 2255 Motion was sent via First Class U. S. Mail, postage prepaid, to Ernest Gonzalez, Assistant United States Attorney at U. S. Attorney's Office, 101 E. Park Blvd., Suite 500, Plano, Texas 75074.

_____
CRISTIAN MENDOZA

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

**UNITED STATES POSTAL SERVICE** — Retail

| P | US POSTAGE PAID |
|---|---|
| | $9.65 |
| | Origin: 77070 |
| | 12/04/23 |
| | 4800420059-22 |

PRIORITY MAIL®

0 Lb 3.60 Oz
RDC 03

EXPECTED DELIVERY DAY: 12/06/23

C001

SHIP TO:
101 E PECAN ST
SHERMAN TX 75090-0041



USPS TRACKING® #



9505 5104 4802 3338 8834 38

schedule free Package Pickup,
scan the QR code.





USPS.COM/PICKUP

**RECEIVED**

FROM:

DEC 0 6 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

CRISTIAN MENDOZA
REG. NO. 28120-078
FCI POLLOCK
FEDERAL CORR. INSTITUTION
P.O. BOX 4050
POLLOCK, LA 71467

TO:

United States District Clerk
United States District Court
Eastern District of Texas
Sherman Division
101 East Pecan Street Room 216
Sherman, Texas 75090