| UNITED STATES DISTRICT COURT | § | EASTERN DISTRICT OF TEXAS |

CRISTIAN MENDOZA, §
 §
      Movant, §
 §
*versus* § CIVIL ACTION NO. 4:21-CV-437
 § (4:18-CR-46(16))
UNITED STATES OF AMERICA, §
 §
      Respondent. §

## MEMORANDUM ORDER

Pending before the court is Movant Cristian Mendoza's ("Movant") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (#1). The Government filed a Response in opposition (#10). Movant filed a Reply on December 6, 2023 (#11). Having considered the motion, the Government's response, Movant's reply, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.    Background

By way of a Fourth Superseding Indictment entered November 15, 2018, Movant was charged with Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine in violation of 21 U.S.C. § 846 (Count One), Conspiracy to Possess with the Intent to Distribute Heroin (Count Two), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count Three). *United States v. Mendoza*, 4:18-CR-46(16) (#422).[1] On March 29, 2019, Movant entered a plea of guilty to Count One pursuant to a non-binding plea agreement. Change of Plea Hearing (#656); Plea Agreement (#658). Movant was sentenced to a 420-month

---

[1] Twenty-seven co-defendants were also named in Count One and five were named in Count Two. Movant was the only defendant named in Count Three.

term of imprisonment on September 23, 2019 (#950). Movant filed a Notice of Appeal on October 2, 2019 (#962). The Fifth Circuit Court of Appeals affirmed the judgment on July 21, 2020 (#1072); *United States v. Mendoza*, 811 F. App'x 270 (5th Cir. 2020). On October 15, 2020, the United States Supreme Court denied Movant's petition for writ of certiorari (#1127).

Movant filed the above-referenced motion to vacate, set aside or correct sentence on June 10, 2021. *Mendoza v. United States*, 4:21-CV-437 (#1). Movant alleges the following:

1. Counsel was ineffective for failing to investigate the background of government witnesses or any of the facts of the case;

2. His plea was coerced; and

3. Prosecutorial misconduct at sentencing.

*Id*.

Respondent was ordered to Show Cause on March 9, 2023 (#4) and filed a Response on July 14, 2023 (#10). Respondent argues (1) Movant's claim of a failure to investigate is conclusory and, regardless, not supported by the record, (2) Movant's plea was voluntary and not coerced and (3) his claim of prosecutorial misconduct is procedurally barred as it could have been argued on appeal and, additionally, lacks merit. *Id*. Movant filed a Reply on December 6, 2023 (#11). This motion to vacate, set aside, or correct sentence is now ripe for consideration.

II. Standard of Review

The first paragraph of 28 U.S.C. § 2255 sets out the claims which are cognizable under the statute. These are: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum allowed by law; or (4) the sentence is otherwise subject to collateral attack.

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-65 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgression of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 33, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1995). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

III.   Analysis

    A.   Ineffective Assistance of Counsel

Movant alleges counsel was ineffective for failing to properly investigate the background of the government's witnesses and the overall case and that counsel only talked about entering a plea of guilty. Movant offers nothing more in support of this point of error.

In order to establish ineffective assistance of counsel, Movant must prove counsel's performance was deficient, and the deficient performance prejudiced Movant's defense. *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984). Because Movant must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. As a result, there is a strong presumption that counsel rendered reasonable, professional assistance, and that the challenged conduct was the result of a reasoned trial strategy. *Id.; United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). To overcome the presumption that counsel provided reasonably effective assistance, Movant must prove his attorney's performance was objectively unreasonable in light of the facts of the movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90; *Fields*, 565 F.3d at 294.

In addition to proving counsel's performance was deficient, Movant is required to show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Mere allegations of prejudice are insufficient; the movant must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

In order to prevail on a claim of ineffective assistance of counsel through a failure to investigate, the movant must show how an investigation would have altered the trial's outcome.

4

*United States v. Brumfield*, 713 F. App'x 395, 396 (5th Cir. 2018) (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). Movant, here, makes no such showing; instead, he simply asserts, in a conclusory fashion, that he "had nothing to lose and nothing to gain by going to trial."[2] Movant offers no specifics as to what government witnesses counsel should have investigated and what would have resulted from that investigation. The Fifth Circuit has stated that conclusory allegations of ineffective assistance are not sufficient to raise a constitutional issue. *United States v. Whitehead*, 393 F. App'x 226, 227 (5th Cir. 2010) (citing *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990)). Bare, conclusory allegations unsupported by other indicia of reliability in the record fall short of the *Strickland* requirements for determining ineffective assistance of counsel. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 n. 2 (5th Cir. 1983). In the absence of any showing of prejudice resulting from the allegedly inadequate investigation, Movant's claim is without merit.

    B.    <u>Voluntariness of the Plea</u>

Movant also alleges his counsel coerced him to accept the plea agreement when he told Movant "his brother would received [sic] a life sentence. Counsel's conduct of inducing [Movant] into a blind plea where [Movant] faced 360 months to life was ineffective assistance." This is, in essence, a challenge to the voluntariness of the plea and waiver which was already challenged on direct appeal, albeit under a somewhat different theory. In analyzing this claim, the Fifth Circuit stated:

> Christian Mendoza pleaded guilty, pursuant to a plea agreement, to conspiracy to possess with intent to manufacture and distribute 500 grams or more of

---

[2] The record reflects that as part of the plea agreement, the firearm charge under 18 U.S.C. § 924(c) (Count Three) was actually dismissed, a clear benefit to Movant.

> methamphetamine and was sentenced [to] 420 months of imprisonment, followed by five years of supervised release. He appeals, asserting that his guilty plea was not knowing and voluntary because he pleaded guilty to an offense for which he was certain to receive a guidelines range of life imprisonment despite the magistrate judge advising him that his guidelines range would not be determined until the PSR was prepared. Mendoza therefore contends that he was not aware of the consequences of his guilty plea and that had he known that he faced a guidelines range of life imprisonment he would not have pleaded guilty.
>
> Because Mendoza did not raise this issue in the district court, we review for plain error only. *See United States v. Alvarado-Casas*, 715 F.3d 945, 953 (5th Cir 2013). The record of Mendoza's rearraignment reflects that he acknowledged that he understood the consequences of his plea—including the maximum sentence that could be imposed and the operation of the Sentencing Guidelines—and that he was pleading voluntarily, that no one had threatened him or forced him to plead guilty, and that no one had made any other promises other than what was provided in the plea agreement. Mendoza's "solemn declarations in open court . . . carry a strong presumption of verity." *United States v. Palmer*, 456 F.3d 484, 491 (5th Cir. 2006) (internal quotation marks, brackets, and citations omitted). Contrary to Mendoza's assertion, he did not plead guilty to an offense for which he was certain to receive a guidelines range of life imprisonment. To the extent Mendoza argues that the plea agreement lacked consideration, the record reflects that he did, indeed, receive consideration for his plea. Mendoza has not shown any error, plain or otherwise, with respect to the validity of his plea.

*Mendoza*, 811 F. App'x at 270.

To the extent Movant reasserts the same claim, that his guilty plea was involuntary because he was pleading guilty to an offense for which he was certain to receive a guidelines range of life imprisonment, this claim was argued and considered on appeal and cannot be reconsidered here. *Moore*, 598 F.2d at 441.

To the extent Movant now attempts to recolor this claim as one of ineffective assistance of counsel in allegedly coercing Movant to enter into the plea agreement, this claim is conclusory and not supported by the record. Movant offers nothing beyond the statement that counsel coerced him into accepting the plea agreement because "his brother would received [sic] a life sentence" and, regardless, is not supported by any evidence. *United States v. Cervantes*, 132 F.3d 1106,

6

1110 (5th Cir. 1998) (When a § 2255 movant makes allegations which conflict with his sworn testimony at his plea hearing, he must provide an "independent indicia of the likely merit of [the] allegations, typically in the form of one or more affidavits from reliable third parties."). The record in this case demonstrates that Movant's current assertions are directly contradicted by his assertions made in open court at the time of his plea and sentencing.[3] Movant's current assertions otherwise do not compel the conclusion that his plea or waiver was either unknowing or involuntary. Movant has provided insufficient support for his claim against trial counsel. "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceeding.'" *Cervantes*, 132 F.3d at 1110 (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). In light of the statements Movant made as part of the plea agreement and the statements Movant made in open court at the change of plea and sentencing hearings, it cannot be concluded that Movant's plea was involuntary or unknowingly entered. Accordingly, Movant has failed to show deficient performance on the part of trial

---

[3] During the plea hearing, the following exchange took place:

    THE COURT: And the first of those is whether or not your plea's knowingly and voluntarily given. I can only take your plea if you're actually guilty of this charge. So can you tell me, has anyone attempted to force you or threaten you, or coerce you, or make you enter a plea here today?

    THE DEFENDANT: No, ma'am.

    THE COURT: Are you here today of your own free will?

    THE DEFENDANT: Yes, ma'am.

    THE COURT: Because you are actually guilty of this charge pending against you in Count 1?

    THE DEFENDANT: Yes, ma'am.

*United States v. Mendoza*, 4:18-CR-46, Plea Hearing, pg. 25 (#1000).

counsel relating to this claim. Movant's claim that his plea and waiver were involuntary due to coercion lacks merit.

    C.    <u>Prosecutorial Misconduct</u>

Movant finally contends that the prosecution engaged in misconduct when they solicited "false statements and testimonies" from government witnesses with offers of reduced sentences. "Due process is violated when the prosecution knowingly offers false testimony to obtain a conviction and fails to correct such testimony." *United States v. Alanis*, 88 F. App'x 15, 22 (5th Cir. 2004) (citing *Tucker v. Johnson*, 242 F.3d 617, 625-26 (5th Cir. 2001)). To obtain § 2255 relief based on prosecutorial misconduct in the presentation of perjured testimony, Movant must prove "(1) that the statements in question are false; (2) that the government knew of their falsity; and (3) that the statements were material." *Id*. (citing *Tucker*, 242 F.3d at 626). Movant, again, offers nothing but his blanket assertion that the unspecified testimony and/or evidence proffered was false. Movant offers no specifics as to what government witnesses provided false testimony in exchange for offers of reduced sentences, let alone what about their testimony was false. Nor does Movant suggest that he has any evidence to support a claim of perjured testimony. In fact, the testimony by government witnesses at the sentencing hearing directly refutes this assertion.[4] Movant's suspicions and conclusory allegations of prosecutorial misconduct are unsupported by the record and are insufficient to merit relief. *Ross v. Estelle*, 694 F.2d at 1011-12 n. 2.

Regardless, this claim is procedurally defaulted. Movant did not raise this prosecutorial misconduct claim on direct appeal. Where a defendant fails to raise a claim on direct review, "the

---

[4]    On cross-examination, Roel Astran and Jesus Ordaz both denied that the Government offered them anything in the way of a sentence reduction in exchange for their testimony. *United States v. Mendoza*, 4:18-CR-46, Sentencing Hearing, pgs. 90-91; 105-06 (#1003).

claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Smith v. Murray*, 477 U.S. 527, 537 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)); *see also United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994). Here, Movant, argues ineffective assistance of appellate counsel in failing to argue this point of error on direct appeal to overcome the procedural default.

Movant, however, cannot show prejudice as the record establishes that the government witnesses were not offered reduced sentences for their testimony. Counsel cannot be ineffective for failing to raise a meritless claim on appeal. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("'Counsel is not deficient for, and prejudice does not issue from, failure to raise [on direct appeal] a legally meritless claim.'" (citation omitted)). The court finds that Movant's explanation for his failure to raise his prosecutorial misconduct claim on appeal fails to meet the requirements set forth in *Bousley*. Accordingly, this claim is procedurally defaulted. *See United States v. Alanis*, 88 F. App'x 15, 22 (5th Cir. 2004) (§ 2255 movant who failed to raise prosecutorial misconduct at trial or direct appeal must show both cause and prejudice for procedural default). Movant also has failed to demonstrate actual innocence and a fundamental miscarriage of justice. This claim is denied as procedurally defaulted or, alternatively, lacking in merit.

IV. Conclusion

Movant's motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 is DENIED.

Furthermore, Movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires Movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, Movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of Movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by Movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Thus, Movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Therefore, a certificate of appealability shall not be issued.

SIGNED at Beaumont, Texas, this 21st day of August, 2024.

                                             MARCIA A. CRONE
                                     UNITED STATES DISTRICT JUDGE